IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ELLEN C. ARENSON,

    Plaintiff,

vs.                      CASE NO.  3:05CV154/RV/MD

CITIZENS PROPERTY INSURANCE
CORPORATION,

    Defendant.
_____/

**CITIZENS' MOTION TO STAY
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

    Defendant, CITIZENS PROPERTY INSURANCE CORPORATION (hereinafter "Citizens"), by and though its undersigned counsel, moves this Court to stay this action pending resolution of a previously-filed class action, and states as follows:

    1.    This is a property insurance claim arising out of Hurricane Ivan. The Plaintiff in this action has demanded payment from Citizens of policy limits under her windstorm policy even though the insured structure was not rendered a total loss by wind, which is the only peril covered by the policy.

    2.    The claim for policy limits in this case is based upon the recent 4th DCA decision in *Mierzwa v. Florida Windstorm Underwriting Association,* 877 So. 2d 774 (Fla 4th DCA 2004) and its interpretation of Florida valued policy law, Section 627.702, *Florida Statutes.* Since the end of the catastrophic hurricane season of 2004, Citizens has received hundreds of claims raising the identical issue presented in this action.

    3.    The case of *Scylla Properties, LLC and William D. Clark, Jr. on their behalves and*

*on behalf of other similarly situated vs. Citizens Property Insurance Corporation*, is currently pending in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. By Order dated April 6, 2005, the *Scylla* case was certified as a Rule 1.200(b)(2) class action, with the plaintiff as the class representative, seeking relief for a class of property owners insured by Citizens that suffered a combination of flood and wind damage during the 2004 hurricane season. Citizens took the extraordinary step of agreeing to the class certification of these issues so that they can be resolved as quickly and as efficiently as possible. Copies of the Agreed Motion for Class Certification filed in the *Scylla* case and the Order Certifying Class are attached hereto as Exhibits A and B, respectively.

4. The question of law common to this case and the class action in Scylla is whether the insured is entitled to recover windstorm policy limits under the Citizens policy even though windstorm did not cause a total loss of the insured structure.

5. The material facts in this case and *Scylla* are also the same. All of the respective structures were damaged by a combination of wind and flood, were insured for windstorm by Citizens and had separate flood coverage (or flood coverage was waived). The structures are alleged to have been rendered actual or constructive total losses by flood or a combination of flood and wind, but wind alone did not cause the actual or constructive total loss.

6. The issue of whether Citizens must pay windstorm policy limits when the peril of windstorm, in and of itself, did not cause a total loss of the property, is a question of law common to this case and the *Scylla* class action.

7. This action should be stayed pending expedited determination of the legal issues in the *Scylla* class action.

**MEMORANDUM OF LAW**

     1.     Well-established case law in Florida and other jurisdictions dictates that other actions which present issues of law common to a pending class action should be stayed or abated in favor of a pending class action. This principle is true regardless of whether the other action was filed prior or subsequent to the class action, whether the other action is a class action or an individually filed non-class action, and whether the other action is pending in the same or another court.

     2.     In *Polaris Public Income Funds v. Einhorn,* 625 So. 2d 128 (Fla. 3rd DCA 1993), the Third District Court of Appeal articulated factors a court should consider in deciding whether to stay an action based upon a previously filed class action. *Polaris* involved a securities class action which was originally filed in New York and which sought certification of a nationwide class. Subsequently, a subset of the putative New York class filed a similar class action in Dade County. The Third District Court of Appeal affirmed the trial court's stay of the Florida action and stated that:

> The pivotal question is whether the Florida action is so similar in parties and issues as to be unnecessarily duplicative of the prior-filed New York state proceedings. In the instant case, all Florida parties are currently represented in the New York putative class action, and substantially the same issues are being litigated. The New York proceedings would dispose of all the issues raised in the Florida complaint.

*Polaris* at 129. See also *Leslie Fay Retail Outlets, Inc. v. Gallery Manufacturing, Corp.,* 653 So. 2d 1106 (Fla. 3rd DCA 1995) (reversing trial court's order denying motion to stay action in favor of prior pending action involving identical issues).

     3.     Likewise, federal courts and other state courts routinely stay cases which present questions of law common to a pending class action. In the case *In re Dennis Greenman Securities Litigation*, 94 F.R.D. 273 (S.D. Fla. 1982) *rev'd on other grounds*, 829 F.2d 1539 (11th Cir. 1987), the U.S. District Court certified a class alleging security fraud and stayed both previously and later filed individual actions. Judge William Hoeveler stated that the class action was the most efficient

"procedural method for minimizing duplication of legal efforts and providing prompt adjudication of disputed issues," and that all plaintiffs filing individual actions were members of the class. 94 F.R.D. at 275. See also *Cullen v. Whitman Medical Corp.*, 188 F.R.D. 226, 235 (E.D. Penn. 1999) (finding class action superior to other forms of litigation for case adjudication and staying individual actions as they were instead "folded into the class."); *Johnson v. Levine*, 450 F.Supp. 648, 650 (D. Md. 1978) (holding that individual suits raising the same question of law would be stayed pending outcome of consolidated class action); *Holmes v. Trustmark Nat'l Bank*, 1996 WL 904513 at *2 (S.D. Miss. 1996) (describing court as "clearly empowered to stay state proceedings for purposes of exercising jurisdiction over the class action. . .").

4.   This Court clearly has the authority to stay this action under its broad discretionary power to stay court proceedings which may be substantially affected by other pending court proceedings. A court's power to stay a pending action "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248 (1936). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issue." *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207 (3d Cir. 1976).

5.   It would be a waste of judicial resources and the parties' resources to proceed with individual cases where a class action is pending that seeks declaratory relief which will resolve the exact legal issues presented in this case. The *Scylla* class action case will unquestionably address and resolve the legal question of the defendant's liability in this case. The risk of injury to the plaintiff in this case as a result of potential delays associated with disposition of the *Scylla* class action is eliminated due to the expedited treatment of the *Scylla* class action. The court in *Scylla*, recognizing

the issues of great public importance presented in that case, has entered an expedited scheduling order and ordered a hearing on the parties' cross-motions for summary judgment be held May 26, 2005, with briefing to be completed prior to the hearing. Under the circumstances, a decision in *Scylla* is expected before the Court would be able to rule on the issues.

WHEREFORE, Defendant Citizens Property Insurance Corporation respectfully requests this action be stayed pending a final determination of the issues presented hereby in the action styled *Scylla Properties, LLC et al. v. Citizens Property Insurance Corporation*.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Charles F. Beall, Jr., Moore, Hill & Westmoreland, P.A., 220 West Garden Street, 9th Floor, Sun Trust Tower, Pensacola, Fl, 32591, via email or U.S. Mail this _____ day of May, 2005.

        /S/
John A. Unzicker, Fla. Bar No. 320366
Bruce C. Fehr, Fla. Bar No. 042757
Michelle L. Hendrix, Fla. Bar No. 172510
VERNIS & BOWLING
OF NORTHWEST FLORIDA, P.A.
315 South Palafox Street
Pensacola, Florida  32502
(850) 433-5461
Attorneys for Defendant, CITIZENS PROPERTY INSURANCE CORPORATION