**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


**ELLEN C. ARENSON**

       **Plaintiff,**

**vs.**                                                    **CASE NO. 3:05cv154/RV**

**CITIZENS PROPERTY INSURANCE
CORPORATION**

       **Defendant.**

_____/

## ORDER

Pending is defendant's motion to stay.  (Doc. 6).

In this insurance dispute, Plaintiff Ellen C. Arenson seeks to recover the full face amount of her policy from Defendant Citizens Property Insurance Corporation for damages to her home caused by Hurricane Ivan.  The defendant moves to stay this action pending resolution of a similar state court suit.


**I.	BACKGROUND**

The Defendant Citizens Property Insurance Corporation ("Citizens") provided windstorm insurance coverage to the Plaintiff Ellen C. Arenson, covering the plaintiff's beach house in Pensacola Beach, Florida.  On September 16, 2004, Hurricane Ivan struck the Pensacola area and caused significant damage to plaintiff's house.  As a result, the plaintiff submitted a claim to Citizens for the total loss of her home.  In response, Citizens acknowledged that the plaintiff's house sustained damage due in part to windstorm, but it calculated the pro rata cost of repairing and replacing the damage caused solely by the windstorm as opposed to damage from flood waters, and Citizens refused to pay the plaintiff for the full face amount of her insurance policy.

In early 2005, a class action suit was filed against Citizens Property Insurance Corporation in the Circuit Court for Leon County, Florida.  The plaintiff is a class representative in that state court class action suit, seeking a declaratory judgment that Citizens must pay the full policy limits of a wind policy if the insured structure was damaged by both wind and flood, even if a majority of the damage was done by flood. The plaintiff also filed a breach of contract claim in this court, based upon diversity jurisdiction.

The issue presented in this action, as well as in the parallel state court action, is the extent of a wind insurer's liability under Florida's "valued policy law," Section 627.702 of the Florida Statutes, when a structure is totally destroyed by a combination of wind and water.[1] This is an issue of major significance throughout the state of Florida.  In Mierzwa v. Florida Windstorm Underwriting Assoc., 877 So. 2d 774 (Fla. 4th DCA 2004), the Fourth District Court of Appeal for Florida held that Section 627.702 requires an insurer to pay the face amount of the policy when a property is considered a "total loss" due *in any part* to the risk covered by the policy. Because of the widespread application of this statute to similar factual situations throughout Florida, it seems certain that a decision from the Supreme Court of Florida will be necessary for final resolution.  The defendant requests that this action be stayed pending the final resolution of the state court class action.

---

[1] Section 627.702 provides,

"In the event of the total loss of any building, structure  . . . located in this state and insured by any insurer as to a covered peril, in the absence of any change increasing the risk without the insurer's consent and in the absence of fraudulent or criminal fault on the part of the insured . . . , the insurer's liability under the policy for such total loss, if caused by a covered peril, shall be in the amount of money for which such property was so insured as specified in the policy and for which a premium has been charged and paid."

§627.702(1)(a) Fla. Stat. (2004) (emphasis added).

**II.    DISCUSSION**

It is well established that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. and Assoc., 743 F.2d 1519, 1525 (11th Cir. 1984).  Nevertheless, in Colorado River Water Conservation District v. United States, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976), the Supreme Court of the United States addressed the circumstances in which a federal court may stay a federal court action in deference to a parallel state court action.  The Supreme Court based this abstention analysis on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  Id. at 817, 96 S. Ct. at 1236.  The Colorado River Court stressed the federal court's "virtually unflagging obligation  . . . to exercise the jurisdiction given them," but recognized that based on considerations of wise judicial administration, a district court may defer to a parallel state proceeding if "exceptional circumstances" exist which clearly justify abstention.  Id. at 813, 96 S. Ct. at 1244. See also, Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); Lisa, S.A. v. Mayorga, 2005 WL 2172165 (11th Cir. 2005)(recognizing that only "exceptional circumstances" permit a court to abstain from exercising its jurisdiction in order to avoid duplicitous litigation with a state court).

In Moses H. Cone Memorial Hosp.v. Mercury Construction Corp., supra, 460 U.S. at 14-16, 103 S. Ct. at 936-37, the Supreme Court of the United States enumerated the factors that should be used in applying Colorado River's exceptional-circumstances test to determine when a federal court should stay a case pending resolution of a parallel state action.  The relevant considerations include: (1) whether a court has assumed jurisdiction over the *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which

jurisdiction was obtained by the concurrent forums in terms of the progress of the two suits; (5) the forum whose law provides the decision on the merits; and (6) the adequacy of the state proceeding.  Id. In analyzing each of these considerations, the Supreme Court instructed that "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." Id. at 16, 103 S. Ct. at 937.

In this case, neither the federal nor the state court has assumed jurisdiction over any property relating to this action. Rather, both cases are *in personam* actions. Thus, this consideration is not relevant to the dispute.  The second factor, the inconvenience of the federal forum, does not weigh in favor of abstention either.  "The inconvenience factor focuses primarily on the 'physical proximity of the federal forum to the evidence and witnesses." American Bankers Ins. Co. of Florida v. First State Ins. Co., 891 F.2d 882, 885 (11th Cir. 1990).  Here, the property which is the subject of this insurance dispute is located in the Florida county where this Court sits.  In fact, neither party has suggested that a federal forum is inconvenient.

In considering the third factor, avoiding piecemeal litigation, the Eleventh Circuit has cautioned that almost any time a federal case proceeds concurrently with a state case, the potential for piecemeal litigation results.  Accordingly, the possibility of duplication of time and effort, by itself, will not justify the surrender of federal jurisdiction.  Ambrosia Coal and Construction Co. v. Pages Morales, 368 F.3d 1320, 1333 (11th Cir. 2004). "Thus, as it is properly understood, Colorado River's factor concerning the avoidance of piecemeal litigation does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." Id.  In other words, the emphasis should be on whether there is an indication in this case that the potential for piecemeal litigation "poses any greater waste or danger here than it does in the vast majority of federal cases with concurrent state counterparts." Id.

Here, the potential for piecemeal litigation is obvious.  Citizens' defense against the plaintiff is based on the language of the contract which limits the plaintiff's coverage to damage arising solely from wind storm.  The plaintiff, like the class members in the state court action and the plaintiffs in numerous other non-class action cases currently pending, claims she is entitled to coverage based upon Florida statutory law as construed by the Mierzwa v. Florida Windstorm Underwriting Assoc. Court.  Thus, inconsistent determinations in the federal and state courts will probably result in additional litigation. See Gonzalez v. Cruz, 926 F.2d 1, 4 (1st Cir. 1991)(noting complications for insurer that might result from inconsistent determinations of liability in the federal suit against alleged tortfeasor and the commonwealth suit against insurance company.)  Further, the state class action court has not only entered final summary judgment in the plaintiff's favor, but the case is also well into the appellate review stage.  Therefore, granting the stay would substantially avoid piecemeal and duplicative litigation. Nevertheless, this factor is not necessarily determinative because there is no indication that the separate tracks of litigation are a barrier to getting a final resolution of the issue as promptly as possible.

The fourth factor concerns the order in which jurisdiction was obtained by the concurrent forums.  As the Eleventh Circuit has explained, this factor takes into consideration the extent of progress that has been made in the two actions. American Bankers Ins. Co., supra, 891 F.2d at 885(quoting Moses H. Cone Memorial Hosp., supra, 460 U.S. at 21, 103 S. Ct. at 940). Here, the state court class action has progressed significantly further than the action in this court.  In the state class action, which was filed five months prior to the filing of the complaint in federal court, Citizens consented to an expedited review. The original complaint was filed in January of 2005.  Subsequently, both parties filed summary judgment motions; some discovery was conducted; the trial court heard oral argument; and the trial court entered a final summary judgment order in favor of the plaintiffs.  Citizens has appealed the case to Florida's First District Court of Appeal.  Moreover, briefs in support of the appeal have

already been submitted to the First District Court of Appeal.  By contrast, this court has not yet addressed the merits of any of plaintiff's claims, and no dispositive motions, other than this motion to stay, have been filed by either party.  Furthermore, the issue presented in the state class action is expressly limited to the interpretation of Citizens' insurance policy and the effect of Florida's valued policy law as set forth in Section 627.702.  Both sides in the state court action stipulated that there were no material facts in dispute, and the issue before the state court involves a pure question of law.  In this case, however, the parties have not stipulated that there are no disputed issues of material fact.  Therefore, given the nature of the state class action, it is already well into the appellate stage and is much further along than this federal action.

The fifth factor, whether federal or state law applies, weighs heavily in favor of  staying this case pending the outcome of the state court case.  In this diversity action, it is obvious that Florida law governs all of the parties' claims.  While the Eleventh Circuit has explained that only in rare circumstances will the presence of a state law issue weigh in favor of a stay, it has also indicated that when an action involves complex questions of state law which would best be resolved by the state court, the requisite "rare circumstances" exist. See American Bankers Insur. Co., supra, 891 F.2d at 886; Noonan South, Inc. v. County of Volusia, 841 F.2d 380, 382 (11th Cir. 1988).

This case does not present just a simple question of state law.  Although the claim in this case is based on an alleged breach of contract, both parties concede that the real dispute hinges upon the proper interpretation of Section 627.702, and specifically, whether the statute requires insurance companies to pay the full face value of a windstorm policy when an insured's damage is caused by a combination of wind and flooding.  This question is still unsettled in the state of Florida, and it implicates important issues regarding the public policy of the state, as well as a

determination of legislative intent.[2]    Given its impact on a substantial portion of Florida's citizens in the aftermath of several devastating hurricanes in 2004 and 2005, and its potentially far-reaching effect, the proper interpretation of Section 627.702 is an unsettled question which apparently will have to be ultimately resolved by the Supreme Court of Florida.

The final factor, the adequacy of the state forum, operates against the surrender of federal jurisdiction only where the state forum may not be adequate to adjudicate the claims.  Here, both the state court and the federal court are fully capable of adjudicating the plaintiff's claim and allowing the matter to proceed to the Supreme Court of Florida.  Accordingly, this factor does not weigh in favor of either forum.

The weight of each of these factors varies on a case-by-case basis, depending on the particularities of the case, but the balance should be weighted heavily in favor of retaining jurisdiction.  Moses H. Cone Memorial Hosp., supra, 460 U.S. at 16, 103 S. Ct. at 937. No one factor is necessarily determinative, and the weight to be given any one factor may vary greatly from case to case.  Id.  However, the Eleventh Circuit has emphasized that the most important requirement is that the circumstances warranting the stay are *exceptional*, Noonan South, Inc. v. County of Volusia, supra, 841 F.2d at 382, and in some instances, "one factor alone can be the sole motivating reason for abstention." Moorer v. Demopolis Waterworks and Sewer Board, 374 F.3d 994, 997 (11th Cir. 2004).

Based on a careful balancing of all of these factors, staying this case pending the resolution of the state court action would serve the interest of wise judicial administration.  Exceptional circumstances exist in this case.  In resolving the issues presented, this court would be called upon to decide an issue of unsettled state law

---

[2] Even the state court, in granting final summary judgment to the plaintiffs, noted that there "may be an ambiguity in the public policy of the State of Florida between the enforceability of anti-concurrent cause provisions in insurance policies and the provisions of the valued policy law." See Summary Final Judgment,
Case No.:3:05-cv-154/RV

which significantly affects a substantial portion of Florida's citizens. The major issue presented in this case is ubiquitous and affects more than just the parties to this federal action.  Both federal and state courts across the state of Florida have had hundreds of lawsuits filed following the 2004 hurricane season, all of which hinge predominately on the interpretation of Section 627.702, and its application to structural damage caused by flooding.  Thus, there is little doubt that this issue will eventually be resolved by the Supreme Court of Florida.  This important factor, coupled with the substantial progress that has been made in the parallel state class action proceeding, distinguishes this case from the usual, run-of-the mill, federal and state counter-part cases.  After each party has had an opportunity to file dispositive motions in this case, this court could expeditiously rule on the matter and allow a prompt appeal to the Eleventh Circuit.  I cannot certify the question to the State's highest court.  Further, there is no indication that the Eleventh Circuit would be able to certify the question to the Supreme Court of Florida before the state class action reaches that stage in the appellate chain.

Finally, the plaintiff argues that this court's discretion to stay this case pending final resolution of the state court litigation is further limited by the rule that a stay must not be"immoderate."  See Ortega Trujillo v. Conover & Company Comm., 221 F.3d 1262, 1264-65(11th Cir. 2000) However, a stay in this case will not subject the plaintiff to an indefinite delay because the state class action has been expedited, and, as discussed above, it has already significantly progressed into the appellate stage.  Generally, a stay is immoderate where the state court proceeding has progressed slowly or no specific date has been set for resolution.  See e.g., Ortega Trujillo v. Conover & Company Comm., supra, at1264-65 (holding that stay was immoderate where the record indicated that the parallel case was not progressing quickly); American Manuf. Mut. Ins. Co. v. Edwards D. Stone, Jr. & Assoc., supra, 743 F.2d at 1524(finding stay pending conclusion of state court proceeding indefinite where state proceeding had been pending for 18 months and no trial date had been set in

state court).

As noted earlier, the issue in the state class action is expressly limited to a pure question of law. The issue being a limited one, the state court moved quickly in entering a final summary judgment order, and the issue has already been partially briefed to the First District Court of Appeal.  Given the unique circumstances of the state class action, staying this federal action in deference to the state court's resolution would not result in an indefinite delay or an immoderate stay.

## III.    CONCLUSION

For the foregoing reasons, Defendant Citizen's motion to stay is GRANTED.  All further proceedings in this case are STAYED for a period of six months, or until the parallel state court action is resolved, or until further order of this Court, whichever occurs first.

DONE and ORDERED this 26th day of October, 2005.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**